IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED

DEC 17 2007

IN THIS OFFICE
CLERK U.S. DISTRICT COURT
GREENSBORO, NC

BY ................

UNITED STATES OF AMERICA          :
                                  :
              v.                  :
                                  :
DAVID TSUI                        :          1:07CR 430 -1
Dr. 2 SHOES, INC.                 :          1:07CR 430 -2

The Grand Jury charges:

COUNT ONE

1.    At all times herein material:

DR. 2 SHOES, INC.

      A.    DAVID TSUI was a 1999 graduate of the New York
College of Podiatric Medicine and was awarded the degree of Doctor
of Podiatric Medicine (DPM).

      B.    DAVID TSUI was a resident of Chapel Hill, North
Carolina, but was not licensed to practice podiatry in the State of
North Carolina.

      C.    DAVID TSUI incorporated DR. 2 SHOES, INC. in the
State of North Carolina on November 29, 2001.    DAVID TSUI was
listed as the President of Dr. 2 SHOES, INC. on annual business
reports filed with the North Carolina Secretary of State office.
DR. 2 SHOES, INC., located in Chapel Hill, North Carolina, was
engaged in the business of wholesale and retail shoe sales
according to the annual business reports.

      D.    The website for DR. 2 SHOES, INC. advised that the
corporation sold therapeutic footwear for diabetics.    The website

advised that Medicare would pay eighty percent (80%) of the cost per year for one pair of diabetic shoes and inserts if all of the following conditions applied:

      1.   The patient had diabetes;

      2.   The patient had a history of either amputation of the foot, ulceration of the foot, deformity, neuropathy, or other specific foot conditions; and

      3.  A certifying physician, either a medical doctor or a doctor of osteopathy, certified in writing that the patient had diabetes and needed special diabetic shoes.

      E.   DAVID TSUI and DR. 2 SHOES, INC., provided diabetic shoes and shoe inserts to Medicare patients and billed the Medicare program electronically for these items by submitting billing information to EZ DME of Ft. Worth, Texas who then submitted the claims to the Medicare program. The record keeping and billing for these claims was performed in-house by DR. 2 SHOES, INC. and DAVID TSUI. DAVID TSUI was assigned a Medicare provider number which allowed him to file claims with the Medicare program. As a Medicare provider, DAVID TSUI received a Medicare manual detailing billing regulations as well as periodic Medicare newsletters and training notices explaining correct billing procedures.

      F.   EZ DME was a company which assisted Medicare providers in filing claims to the Medicare program by providing an internet access filing link. DR. 2 SHOES, INC. supplied all the

2

information on the claim forms which was then relayed electronically to the Medicare program by EZ DME.

G. DAVID TSUI and DR. 2 SHOES, INC. employed untrained salesmen who recruited Medicare patients and completed patient insurance delivery information forms containing the name and Medicare number of the patient and the name of their primary care physician.

## MEDICARE PROGRAM

H. The Medicare program was a federally funded health care benefit and insurance program designed to provide medical care to people over sixty-five (65) years of age and certain others with disabilities. The Medicare program was divided into two parts: Hospital Insurance (Part A) and Medical Insurance (Part B). Medicare Part A normally paid for inpatient care in a hospital or a skilled nursing facility. Medicare Part B paid for physician services, outpatient hospital services, and durable medical equipment (DME). Typical DME items included wheelchairs and diabetic shoes and shoe inserts.

I. The Medicare Part B program paid eighty percent (80%) of the reasonable charge of medically necessary services and equipment ordered by a licensed medical doctor. The patients' secondary private health insurance, Medicaid, or the patients themselves would be responsible for the remaining twenty percent co-payment balance.

3

J. The Medicare program was prescribed by statute and federal regulations and was supervised by the United States Department of Health and Human Services through its agency, the Center for Medicare and Medicaid Services (CMS), formerly known as the Healthcare Financing Administration (HCFA).

K. The Medicare Part B program, including the durable medical equipment program, was administered in North Carolina by Palmetto Government Benefits Administrators (Palmetto GBA), pursuant to a contract with the United States Department of Health and Human Services. Palmetto GBA received, adjudicated, and paid claims submitted to the Medicare program from suppliers of medical services and equipment including the claims described in Counts One through Forty-Three from DAVID TSUI and DR. 2 SHOES, INC.

L. In order to receive payment, a supplier, such as DAVID TSUI and DR. 2 SHOES, INC., was required to submit a paper or electronic claim known as a Form CMS-1500. Once received, the Medicare program would assign each claim a claim control number and pay or deny the claim. Medicare claim forms required the provider to certify that the information on the claim form was truthful.

M. Each claim to the Medicare program for durable medical equipment was required to contain a diagnosis code, the patient's name and medicare number, a description of the item provided, the applicable billing code for the item supplied, and

4

the name and identification of the doctor certifying the service as necessary.

N. Each physician participating in the Medicare program was assigned by the Medicare program a unique physician identification number (UPIN) and each claim for diabetic shoes and inserts was required to contain the UPIN of the referring physician. Medical residents were allowed to use a temporary UPIN of "RES-000" until issued a permanent UPIN. DAVID TSUI was not assigned a UPIN and could not serve as a referring physician. DAVID TSUI was not a medical resident authorized to use the temporary UPIN of "RES-000."

## MEDICARE DIABETIC SHOE PROGRAM

O. Federal law allowed Medicare patients who were diabetic and certified by a physician to be in need of special shoes to receive one pair of diabetic shoes and three pair of inserts per year. Diabetic patients frequently were prone to foot ulcers and other disorders due to diabetes and complications from diabetes such as poor circulation. Medicare paid eighty percent (80%) of the cost of these shoes and inserts which included any costs related to fitting the shoes and inserts.

P. Federal law and Medicare regulations required the above diabetic shoes be fitted by a qualified person such as a podiatrist, orthotist, or pedorthist.

5

Q. Federal law and Medicare regulations required providers of diabetic shoes to Medicare patients, such as DAVID TSUI and DR. 2 SHOES, INC., to maintain records establishing that the patient was in fact diabetic and had a medical condition requiring diabetic shoes, both of which were certified by a physician or doctor of osteopathy. The provider of diabetic shoes was required to indicate compliance with this record keeping requirement by typing "KX" in block 24 of the CMS-1500 claim form certifying that the required documentation existed.

R. Federal law and Medicare regulations required providers of diabetic shoes to identify the referring physician by name and by the unique physician identification number (UPIN) assigned to that physician by the Medicare program.

S. Federal law and Medicare regulations required providers of diabetic shoes to list a diagnosis code of diabetes on the CMS-1500 claim form as supported by documentation from the patient's primary care physician.

T. Federal law and Medicare regulations required providers of diabetic shoes to list a date of service to the patient on the CMS-1500 claim form.

U. Federal law and Medicare regulations required providers of diabetic shoes to describe the service rendered on the CMS-1500 claim form using a standardized coding system. Private insurers and the Medicare program utilized the Healthcare Common

6

Procedure Coding System (HCPCS) to identify products, supplies, and services. The specific codes for diabetic shoes and shoe inserts described in detail the type of shoe and insert allegedly provided. The inclusion of the HCPCS code in the claim submitted to the Medicare program was crucial as to whether the Medicare program accepted the claim and determined the amount remitted to the provider. Not all codes describing services were reimbursable.

V. HCPCS codes for shoes and inserts were as follows:

(1) A5500 - (shoes) for diabetics only, off the shelf depth shoes to accommodate inserts;

(2) A5509 - (inserts) for diabetics only, direct formed, molded to foot with external heat source;

(3) A5510 - (inserts) for diabetics only, direct formed, compression molded to patient's foot without external heat source. Not reimbursable;

(4) K0628 - (inserts) for diabetics only, direct formed, molded to foot with external heat source (former A5509);

(5) K0629 - (inserts) for diabetics only, custom molded from model of patient's foot.

(6) A5501 - (shoes) custom molded diabetic shoes from model of patient's foot.

2. During the period January 1, 2003, until on or about December 31, 2005, the exact dates to the Grand Jurors unknown, in the County of Orange, in the Middle District of North Carolina, and

7

elsewhere, DAVID TSUI and DR. 2 SHOES, INC. devised and intended to devise a scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property in excess of $500,000.00 owned by and under the custody of a health care benefit program affecting commerce, that is, the Medicare program, in connection with the delivery and payment for health care benefits, items, and services.

## OBJECT OF THE SCHEME

3.   It was the object of the scheme for the defendants DAVID TSUI and DR. 2 SHOES, INC. to knowingly file claims with the Medicare program containing materially false information in order to fraudulently obtain funds from the Medicare program in connection with the delivery of and payment for health care benefits.

## MANNER AND MEANS

4.   It was a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. filed claims with the Medicare program related to the diabetic shoe program without possessing the required certifications of eligibility from physicians.

5.   It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. falsely indicated on claims by use of a "KX"

8

modifier that they did possess and maintain the required certification.

6. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. transmitted claims to the Medicare program listing a diagnosis of diabetes without possessing any physician confirmation of that condition.

7. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. transmitted claims to the Medicare program listing a diagnosis of diabetes despite having physician documentation that the patient was not diabetic.

8. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. would falsely list the UPIN of purported certifying doctors on the claim who in fact had never seen the patient.

9. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI falsely listed himself as a medical resident on claim forms certifying the diabetic condition of patients on some claims submitted to the Medicare program when in fact he was not a medical resident or a licensed podiatrist in the State of North Carolina.

9

10. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. would list false dates of service in claims submitted to the Medicare program to receive payment and to avoid claim denial.

11. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. used unqualified and unlicensed private citizens to measure and fit diabetic patients in violation of federal law. These unqualified persons were paid commissions by DAVID TSUI for each Medicare patient enrolled. Claims for these shoes were paid unwittingly by the Medicare program as if qualified personnel had fitted and measured the shoes.

12. It was further a part of the scheme to obtain money by means of false and fraudulent representations that DAVID TSUI and DR. 2 SHOES, INC. used codes in claims to the Medicare program that misrepresented the shoes and inserts actually provided to obtain higher reimbursement or to avoid outright denial of claims. DAVID TSUI and DR. 2 SHOES, INC. billed lower quality and non-covered inserts as custom fabricated and heat molded inserts.

### EXECUTION OF THE SCHEME

On or about February 4, 2003, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC did knowingly and willfully execute and attempt to execute a scheme

10

and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody of a health care benefit program affecting commerce, that is, the Medicare program, in connection with the delivery of and payment for health care benefits, items, and services by making a false entry on the patient delivery intake sheet for patient N.J.; in violation of Title 18, United States Code, Sections 1347(2) and 2.

COUNT TWO

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about February 4, 2003, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, in a matter involving a health care benefit program, affecting commerce, namely the Medicare program, did knowingly and willfully, in connection with the delivery of and payment for health care benefits and services, make, use and cause to be made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent entry, to wit, listing himself as the referring physician utilizing a temporary unique physician identification number (UPIN) of "RES000" on a patient delivery ticket intake sheet, involving diabetic shoes for patient N.J., when in fact DAVID TSUI was not licensed to practice in North Carolina and was not a medical resident authorized to use

11

a temporary UPIN by the Medicare program as DAVID TSUI well knew;
in violation of Title 18, United States Code, Sections 1035 and 2.

## COUNT THREE

1.    The Grand Jury realleges and incorporates herein by
reference paragraphs 1 through 12 of Count One as if fully set
forth herein.

2.    On or about February 25, 2003, in the County of Orange, in
the Middle District of North Carolina, DAVID TSUI, a podiatrist, in
a matter involving a health care benefit program, affecting
commerce, namely the Medicare program, did knowingly and willfully,
in connection with the delivery of and payment for health care
benefits and services, make, use and cause to be made and used a
materially false writing and document knowing the same to contain
a materially false, fictitious, and fraudulent entry, to wit,
listing himself as the referring physician utilizing a temporary
unique physician identification number (UPIN) of "RES000" on a
patient delivery ticket intake sheet, involving diabetic shoes for
patient N.G., when in fact DAVID TSUI was not licensed to practice
in North Carolina and was not a medical resident authorized to use
a temporary UPIN by the Medicare program as DAVID TSUI well knew;
in violation of Title 18, United States Code, Sections 1035 and 2.

## COUNT FOUR

1.    The Grand Jury realleges and incorporates herein by
reference paragraphs 1 through 12 of Count One as if fully set
forth herein.

12

2.  On or about March 17, 2003, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, in a matter involving a health care benefit program, affecting commerce, namely the Medicare program, did knowingly and willfully, in connection with the delivery of and payment for health care benefits and services, make, use and cause to be made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent entry, to wit, listing himself as the referring physician utilizing a temporary unique physician identification number (UPIN) of "RES00" on a patient delivery ticket intake sheet, involving diabetic shoes for patient R.L., when in fact DAVID TSUI was not licensed to practice in North Carolina and was not a medical resident authorized to use a temporary UPIN by the Medicare program as DAVID TSUI well knew; in violation of Title 18, United States Code, Sections 1035 and 2.

## COUNT FIVE

1.  The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.  On or about April 30, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and

13

radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04121863488000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $158.40 in payment for heat molded diabetic shoe inserts provided to patient E.D. on April 15, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about May 25, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody of a health care benefit program affecting commerce, that is, the Medicare program, in connection with the delivery of and payment for health care benefits, items, and services by submitting a claim in the approximate amount of $396.00 for allegedly supplying custom molded shoes to patient E.M. on April 12, 2004, when in fact, patient E.M. died on March 19, 2004; in violation of Title 18, United States Code, Sections 1347(2) and 2.

14

1.    The  Grand  Jury  realleges  and  incorporates  herein  by
reference  paragraphs  1  through  12  of  Count  One  as  if  fully  set
forth herein.

2.  On or about May 25, 2004, in the County of Orange, in the
Middle  District  of  North  Carolina,  DAVID  TSUI  and  DR.  2  SHOES,
INC.,  for  the  purpose  of  executing  the  aforesaid  scheme  and
artifice  to  obtain,  by  means  of  materially  false  and  fraudulent
pretenses  and  representations,  money  and  property,  knowingly  did
cause  to  be  transmitted  in  interstate  commerce  by  means  of  wire  and
radio  transmission,  certain  signs,  signals,  and  sounds,  that  is,
electronic  claim  control  number  04146898218000  from  Chapel  Hill,
North  Carolina,  to  EZ  DME,  in  Fort  Worth,  Texas,  with  the  intent
that  the  claim  be  forwarded  to  the  Medicare  program  in  order  to
obtain approximately $396.00 in payment for custom molded diabetic
shoes  from  model  of  patient's  foot  allegedly  provided  to  patient
E.M.  on  April  12,  2004;  in  violation  of  Title  18,  United  States
Code, Sections 1343 and 2.

## COUNT EIGHT

1.    The  Grand  Jury  realleges  and  incorporates  herein  by
reference  paragraphs  1  through  12  of  Count  One  as  if  fully  set
forth herein.

2.  On or about May 25, 2004, in the County of Orange, in the
Middle  District  of  North  Carolina,  DAVID  TSUI  and  DR.  2  SHOES,
INC.,  for  the  purpose  of  executing  the  aforesaid  scheme  and

15

artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04146864115000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $315.20 in payment for custom molded diabetic shoes from model of patient's foot provided to patient C.E. on March 25, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT NINE

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.  On or about May 25, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04146823187000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to

16

obtain approximately $105.60 in payment for diabetic shoes provided to patient J.F. on May 8, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about August 17, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04230810941000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $132.00 in payment for diabetic shoes allegedly provided to patient B.N. on June 15, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

17

2. On or about August 25, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, and DR. 2 SHOES, INC., did make and present and cause to be made and presented a claim against the United States for payment, to wit, electronic claim control number 04238818792000 for diabetic shoes for patient N.C. on July 23, 2004, in the approximate amount of $132.00 submitted under the Medicare program to the United States Department of Health and Human Services, a department of the United States, through its agents, knowing such claim to be materially false in that DAVID TSUI did not provide diabetic shoes on July 23, 2004, to patient N.C., as he well knew; in violation of Title 18, United States Code, Sections 287 and 2.

COUNT TWELVE

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

On or about August 31, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, and DR. 2 SHOES, INC., did make and present and cause to be made and presented a claim against the United States for payment, to wit, electronic claim control number 04244830018000 for heat molded diabetic shoe inserts, for patient B.L. on August 4, 2004, in the approximate amount of $158.40 submitted to the Medicare program to the United States Department of Health and Human Service, a

18

department of the United States, through its agents, knowing such claim to be materially false in that patient B.L. was not diabetic, as DAVID TSUI well knew; in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT THIRTEEN

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about August 31, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04244830005000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $105.60 in payment for diabetic shoes provided to patient A.C. on August 6, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

19

## COUNT FOURTEEN

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

On or about August 31, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirteen and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are G.M.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIFTEEN

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about September 21, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and

20

radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04265823644000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $158.40 in payment for heat molded diabetic shoe inserts provided to patient L.R. on August 22, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT SIXTEEN

1.     The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.     On or about October 7, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04281858694000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $158.40 in payment for heat molded diabetic shoe inserts provided to patient M.G. on August 3, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

21

## COUNT SEVENTEEN

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

On or about October 26, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, and DR. 2 SHOES, INC. did make and present and cause to be made and presented a claim against the United States for payment, to wit, electronic claim control number 04300830782000 for diabetic shoes for patient M.L. on October 3, 2004, in the approximate amount of $105.60 submitted under the Medicare program to the United States Department of Health and Human Services, a department of the United States, through its agents, knowing such claim to be materially false in that patient M.L. was not diabetic, as DAVID TSUI well knew; in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT EIGHTEEN

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about December 6, 2004, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent

22

Case 1:07-cr-00430-JAB   Document 1   Filed 12/17/07   Page 22 of 40

pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 04341862581000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $201.00 in payment for heat molded diabetic shoe inserts allegedly provided to patient E.M. on August 2, 2004; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT NINETEEN

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about March 17, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody of a health care benefit program affecting commerce, that is, the Medicare program, in connection with the delivery of and payment for health care benefits, items, and services by submitting a claim in the approximate amount of $145.32 for heat molded diabetic shoe inserts for patient M.B. on March 10,

23

2005, using the UPIN of Dr. S.E. who never treated patient M.B.; in violation of Title 18, United States Code, Sections 1347(2) and 2.

## COUNT TWENTY

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about March 17, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05077738361000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $145.32 in payment for heat molded diabetic shoe inserts provided to patient M.B. on March 10, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY-ONE

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

24

2. On or about March 17, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Twenty and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are S.E.; in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT TWENTY-TWO

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about March 22, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05082813799000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to

25

obtain approximately $145.32 in payment for heat molded diabetic shoe inserts allegedly provided to patient W.P. on March 21, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY-THREE

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about March 22, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Twenty-Two and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are K.R.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY-FOUR

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about May 5, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and

26

artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05126772290000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $116.25 in payment for heat molded diabetic shoe inserts provided to patient R.W. on April 4, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY-FIVE

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about May 5, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felon enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Twenty-Four and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are J.E.; in violation of Title 18, United States Code, Section 1028A(a)(1).

27

COUNT TWENTY-SIX

1.     The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein..

2.   On or about May 5, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05126772311000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $116.26 in payment for heat molded diabetic shoe inserts provided to patient M.M.L. on March 4, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWENTY-SEVEN

1.     The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.   On or about May 5, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and

28

artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05126772232000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $116.26 in payment for heat molded diabetic shoe inserts provided to patient E.W. on April 4, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT TWENTY-EIGHT

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.  On or about May 11, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05132700899000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to

29

obtain approximately $284.86 in payment for custom molded diabetic
shoes provided to patient N.J. on April 16, 2005; in violation of
Title 18, United States Code, Sections 1343 and 2.

COUNT TWENTY-NINE

1. The Grand Jury realleges and incorporates herein by
reference paragraphs 1 through 12 of Count One as if fully set
forth herein.

2. On or about May 11, 2005, in the County of Orange, in the
Middle District of North Carolina, DAVID TSUI, during and in
relation to a felony enumerated in Title 18, United States Code,
Section 1028A(c), to wit: wire fraud, in violation of Title 18,
United States Code, Section 1343, as alleged in Count Twenty-Eight
and incorporated by reference herein, knowingly possessed and used
without lawful authority, a means of identification of another
person, that is, the unique physician identification number of a
doctor whose initials are S.E.; in violation of Title 18, United
States Code, Section 1028A(a)(1).

COUNT THIRTY

1. The Grand Jury realleges and incorporates herein by
reference paragraphs 1 through 12 of Count One as if fully set
forth herein.

2. On or about June 3, 2005, in the County of Orange, in the
Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES,
INC., for the purpose of executing the aforesaid scheme and

30

artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05157736294000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $173.47 in payment for custom molded diabetic shoe inserts from model of patient's foot, provided to patient M.L. on March 6, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT THIRTY-ONE

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.   On or about June 3, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirty and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a

31

doctor whose initials are S.E.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-TWO

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about June 8, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05161701813000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $94.97 in payment for diabetic shoes provided to patient M.R. on June 7, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTY-THREE

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

32

2. On or about June 8, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirty-Two and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are G.M.; in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT THIRTY-FOUR

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about June 8, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05161701832000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to

33

obtain approximately $173.47 in payment for custom molded diabetic shoe inserts from model of patient's foot, provided to patient R.L. on May 7, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTY-FIVE

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about June 8, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirty-Four and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are G.M.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-SIX

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about June 11, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, and

34

DR. 2 SHOES, INC., did make and present and cause to be made and presented a claim against the United States for payment, to wit, an electronic claim control number 05165802327000 for providing heat molded diabetic shoe inserts for patient M.B. on June 10, 2005, in the approximate amount of $145.32 submitted under the Medicare program to the United States Department of Health and Human Services, a department of the United States, through its agents, knowing such claim to be materially false in that DAVID TSUI did not provide heat molded diabetic shoe inserts to patient M.B. on June 10, 2005, as he well knew; in violation of Title 18, United States Code, Sections 287 and 2.

COUNT THIRTY-SEVEN

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.  On or about July 3, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05186707003000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent

35

that the claim be forwarded to the Medicare program in order to obtain approximately $173.47 in payment for custom molded diabetic shoe inserts from model of patient's foot, provided to patient E.B. on January 16, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTY-EIGHT

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2.    On or about July 3, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirty-Seven and incorporated by reference herein, knowingly possessed and used without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are K.R.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-NINE

1.    The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

36

2. On or about August 18, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05231737464000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $173.47 in payment for custom molded diabetic shoe inserts from model of patient's foot, provided to patient C.E. on August 15, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT FORTY

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about August 18, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirty-Nine and incorporated by reference herein, knowingly possessed and used

37

without lawful authority, a means of identification of another person, that is, the unique physician identification number of a doctor whose initials are S.B.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FORTY-ONE

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about September 19, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC., for the purpose of executing the aforesaid scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property, knowingly did cause to be transmitted in interstate commerce by means of wire and radio transmission, certain signs, signals, and sounds, that is, electronic claim control number 05263708609000 from Chapel Hill, North Carolina, to EZ DME, in Fort Worth, Texas, with the intent that the claim be forwarded to the Medicare program in order to obtain approximately $173.47 in payment for custom molded diabetic shoe inserts from model of patient's foot, provided to patient W.F. on August 31, 2005; in violation of Title 18, United States Code, Sections 1343 and 2.

38

## COUNT FORTY-TWO

1. The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 12 of Count One as if fully set forth herein.

2. On or about November 16, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI and DR. 2 SHOES, INC did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody of a health care benefit program affecting commerce, that is, the Medicare program, in connection with the delivery of and payment for health care benefits, items, and services by submitting a claim in the approximate amount of $173.47 for allegedly supplying custom molded inserts from a model of patient's foot for W.G. on October 7, 2005, when in fact, no such service was provided because an untrained and unqualified salesperson from DR. 2 SHOES, INC. fitted the shoe inserts; in violation of Title 18, United States Code, Sections 1347(2) and 2.

## COUNT FORTY-THREE

On or about November 16, 2005, in the County of Orange, in the Middle District of North Carolina, DAVID TSUI, a podiatrist, and DR. 2 SHOES, INC., did make and present and cause to be made and presented a claim against the United States for payment, to wit, an electronic claim control number 05321701108000 for custom molded

39

diabetic shoe inserts from model of patient's foot for patient W.G. on October 7, 2005, in the approximate amount of $173.47 submitted under the Medicare program to the United States Department of Health and Human Services, a department of the United States, through its agents, knowing such claim to be materially false in that DAVID TSUI did not provide custom molded diabetic shoe inserts from model of patient's foot to patient W.G. on October 7, 2005, as he well knew; in violation of Title 18, United States Code, Sections 287 and 2.

A TRUE BILL:

_____
FOREPERSON


_____
ROBERT M. HAMILTON
ASSISTANT UNITED STATES ATTORNEY


_____
ANNA MILLS WAGONER
UNITED STATES ATTORNEY

40