# United States District Court
## Middle District of North Carolina

ENTERED ON DOCKET R. 55
JAN 5 2009

UNITED STATES OF AMERICA
BY _____
DAVID TSUI

FILED
JAN - 5 2009
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:07CR430-1

USM Number: 23656-057

William Webb, Sr.; William Webb, Jr.
Defendant's Attorney(s)

## THE DEFENDANT:

☒ pleaded guilty to count(s) 2, 12, 17, 37, and 42.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1035 & 2 | False entry on a healthcare benefit program document. | February 4, 2003 | 2 |
| 18:287 & 2 | Making false claims to a government agency. | August 31, 2004 | 12 |
| 18:287 & 2 | Making false claims to a government agency. | October 26, 2004 | 17 |
| 18:1343 & 2 | Wire fraud. | July 3, 2005 | 37 |
| 18:1347 (2) & 2 | Health care fraud. | November 16, 2005 | 42 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 1, 3, 4, 5, 6, 7-10, 11, 13, 14, 15-16, 18, 19, 20, 21, 22, 23, 24, 25, 26-28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, and 43 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 12, 2008
Date of Imposition of Judgment

_/s/ James A. Beaty_
Signature of Judicial Officer

James A. Beaty, Jr., Chief United States District Judge
Name & Title of Judicial Officer

1/5/09
Date

DEFENDANT: DAVID TSUI
CASE NUMBER: 1:07CR430-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **three (3) months.**

**[Three (3) months under Count 2 and three (3) months under Count 12 to run concurrently with Count 2; three (3) months under Count 17 to run concurrently with Counts 2 and 12; three (3) months under Count 37 to run concurrently with Counts 2, 12, and 17; three (3) months under Count 42 to run concurrently with Counts 2, 12, 17, and 37]**

☒ The court makes the following recommendations to the Bureau of Prisons: **that the defendant be housed in a Bureau of Prisons facility as close as possible to his place of residence.**

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district.

  ☒ at 2:00 pm on January 23, 2009 or report directly to the designated institution as directed by the Bureau of Prisons.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 pm on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY US MARSHAL

DEFENDANT: DAVID TSUI
CASE NUMBER: 1:07CR430-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

**[Three (3) years under Count 2 and three (3) years under Count 12 to run concurrently with Count 2; three (3) years under Count 17 to run concurrently with Counts 2 and 12; three (3) years under Count 37 to run concurrently with Counts 2, 12, and 17; three (3) years under Count 42 to run concurrently with Counts 2, 12, 17, and 37]**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID TSUI
CASE NUMBER: 1:07CR430-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide any requested financial information to the probation officer.

2. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall abide by all conditions and terms of the home confinement program for **six (6) months** as directed by the probation officer. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer and pay for electronic monitoring services as directed by the probation officer.

4. The defendant shall notify the Court of any material change in economic circumstances that might affect his or her ability to pay restitutions, fines or special assessment.

DEFENDANT: DAVID TSUI
CASE NUMBER: 1:07CR430-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the Schedule of Payments sheet.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 500.00 | $ 50,000.00 | $ 731,307.54 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| United States Department of Health and Human Services/CMS | $731,307.54 | $731,307.54 | |
| **Totals:** | $731,307.54 | $731,307.54 | |

☐ Restitution amount ordered pursuant to plea agreement: $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

    ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

DEFENDANT: DAVID TSUI
CASE NUMBER: 1:07CR430-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 50,500.00 due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☒ C, ☐ D or, ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☒ Fine and Special Assessment due 90 days after the date of this judgment; or

D ☐ Payment in _____ (*equal, weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**If the defendant is unable to pay the criminal monetary penalties immediately, they may be paid through the Inmate Financial Responsibility Program. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $250.00 to begin 60 days after commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.**

\*The defendant shall receive credit for any amount paid towards restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.